IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK,<br><br>    Plaintiff,<br><br>  v.<br><br>JONAS M. CARMONA, et al.<br><br>    Defendants.<br>_____ / | No. C 10-03034 SI<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND AND REMANDING ACTION TO SAN MATEO COUNTY SUPERIOR COURT** |

Plaintiff's unopposed motion to remand is currently set for hearing on September 17, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered plaintiff's papers, the Court GRANTS the motion to remand.

**BACKGROUND**

Plaintiff Wells Fargo Bank filed this unlawful detainer action in the San Mateo County Superior Court in April 2010 after purchasing defendants Jonas and Julia Carmona's home at a non-judicial foreclosure sale in February 2010. *See* RJN Ex. 1, 2. On July 12, 2010, defendants filed a Notice of Removal in this Court.

Now before the Court is plaintiff's unopposed motion to remand the action back to state court.

**DISCUSSION**

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). The bases for federal subject-matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The removal statute is strictly construed against removal jurisdiction, and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592

F.2d 1062, 1064 (9th Cir. 1979). Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c).

Removal was clearly improper in this case. First, defendants cite federal question jurisdiction as the basis for removal. The sole cause of action stated in the complaint, however, is for unlawful detainer. This is not a federal cause of action. Defendants make passing reference to a number of federal statutes in their removal notice, including the Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, and Truth in Lending Act. These statutes, however, do not form the basis of plaintiff's complaint, and have no place in determining whether there is Court has jurisdiction over this matter. *Franchise Tax Bd. of the State of Cal. v. Constr. Lab. Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (original emphasis). Second, although defendants did not assert diversity jurisdiction as a ground for removal, the Court notes that removal would not be proper on that basis either, as defendants are citizens of California. 28 U.S.C. § 1441(b) (actions not arising under federal law are "removable only if none of the . . . defendants is a citizen of the State in which such action is brought").

Accordingly, the motion to remand is GRANTED.

## CONCLUSION

For the foregoing reasons, and for good cause shown, plaintiff's motion to remand is GRANTED. (Docket No. 10). This action is hereby REMANDED to the San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: September 13, 2010

SUSAN ILLSTON
United States District Judge